**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| MARILYN SPERLING, an individual and on behalf of all others similarly situated,<br><br>　　　　Plaintiff-Appellant,<br><br>　v.<br><br>DSWC, INC., an Ohio corporation; and DSW SHOE WAREHOUSE, INC., a Missouri corporation,<br><br>　　　　Defendants-Appellees. | No.　16-55231<br><br>D.C. No.<br>5:15-cv-01366-JGB-SP<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Argued and Submitted October 6, 2017
Pasadena, California

Before: KLEINFELD, GRABER, and CHRISTEN, Circuit Judges.

After purchasing shoes at Designer Shoe Warehouse, Marilyn Sperling filed

a putative class action complaint alleging that the store's price tags were false or

deceptive under California law. The price tags displayed the manufacturer's

---

　　　[*]　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

suggested retail price as a "compare at" price. Sperling claimed that the price tags were false or deceptive because she did not understand, nor would a reasonable consumer have understood, the "compare at" price to be the manufacturer's suggested retail price. The district court granted Designer Shoe Warehouse's motion to dismiss her second amended complaint and denied leave to amend. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1. We review the district court's dismissal de novo. Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1102 (9th Cir. 2003). Sperling failed to satisfy the heightened pleading standard of Fed. R. Civ. P. 9(b). She failed to allege sufficient facts to show with particularity how or why displaying the manufacturer's suggested retail price as a "compare at" price was false or deceptive. Id. at 1106. Price tags suggesting that consumers compare the product's price to the manufacturer's suggested retail price are not inherently false or deceptive. Though Sperling alleged that she found shoes elsewhere for a few dollars less than the "compare at" price, she did not allege when she found them, so it could well have been long after her purchase, when the passage of time could have reduced market demand for the shoes. Nor do Sperling's other allegations establish, if proved, that

2

the manufacturer's suggested retail price was not a fair comparator at the time of her purchase.

2.   We review the district court's denial of leave to amend for abuse of discretion.  Metzler Inv. GMBH v. Corinthian Colls., Inc., 540 F.3d 1049, 1072 (9th Cir. 2008).  The district court did not abuse its discretion in denying Sperling leave to file a third amended complaint.  Sperling was given an opportunity to cure the deficiencies in her pleading after the district court's guidance in an earlier dismissal, but she failed to do so.  Id.

**AFFIRMED.**